| | |
|---|---|
| Fill in this information to identify you case:<br><br>**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS**<br><br>Debtor 1    **Kimberly D McRoberts**<br>　　　　　First Name　Middle Name　Last Name<br><br>Debtor 2<br>(filing spouse)　First Name　Middle Name　Last Name<br><br>Case Number:　**19-40065** | ☑ Check if this modification is filed prior to filing of TRCC.<br><br>☐ Check if this modification is filed after TRCC filing but still within Benchmark Fee Period.<br><br>☐ Check if this modification is filed after Benchmark Fee Period.<br><br>List the sections which have been changed by this modification:<br>　2.4 |

**TXEB Local Form 3015-d**

# MOTION TO MODIFY
# CONFIRMED CHAPTER 13 PLAN

Adopted: Dec 2017

**TO THE HONORABLE JUDGE OF THIS COURT:**

1. This Motion to Modify Previously-Confirmed Chapter 13 Plan (the "Modification Motion") is filed by the:

    ☑ **Debtor;**[1]    ☐ **Chapter 13 Trustee;**

    for the purpose of modifying certain specified provisions of that Chapter 13 Plan which had previously been confirmed for the Debtor on **April 8, 2019 [dkt #10]**. Except as modified herein, all provisions of the confirmed Chapter 13 Plan remain in full force and effect.

    If this Motion is filed by the Debtor, each Debtor:

    ☑ certifies that an amended Schedule I and Schedule J have been filed contemporaneously with this motion;

    ☐ declares, under penalty of perjury, that Schedule I and Schedule J, as filed with the Court, remain true and correct

    **28-DAY NEGATIVE NOTICE - LBR 3015(h):**

    **Your rights may be affected by the plan modifications sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

    **No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-EIGHT (28) DAYS FROM DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order confirming this plan modification. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

---

[1] The use of the singular term "Debtor" in this Modification Motion includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

Debtor    **Kimberly D McRoberts**                                                                                                    Case number    **19-40065**

2. This Modification Motion is required *[select all applicable]*:
   - ☐ to reconcile the Plan with allowed claims pursuant to the TRCC;
   - ☐ to increase the amount of payments required under the Plan;
   - ☐ to reduce the amount of payments required under the Plan;
   - ☐ to provide for an allowed claim omitted from treatment under the Plan;
   - ☐ to extend the time for making payments required under the Plan;
   - ☐ to reduce the time for making payments required under the Plan;
   - ☐ to surrender collateral pursuant to § 3.6;
   - ☐ to cease further plan disbursements to a particular claimant;
   - ☐ to cure a delinquency in the plan payments caused by _____;
   - ☑ to increase the amount of retained income tax refunds authorized under § 2.4;
     **Reason:  The Debtor is now guardian for her 14 year-old granddaughter who left a domestic violence situation.  The Debtor's income has not been as much as anticipated.  The Debtor requests that she be allowed to retain her 2018 income tax refund in the amount of $4,175.00.   ;**
   - ☑ to seek approval of an additional award of attorney's fees to the Debtor's attorney;
   - ☐ Other:_____
   - ☐ to add a nonstandard provision to Part 8 of the Plan [check box below];

3. **Notice to Creditors:**  Regarding insertion of new Nonstandard Provision into Debtor's Plan:

| **Nonstandard provisions as set forth in Part 8.** | ☐ **Included** | ☑ **Not included** |
|---|---|---|

4. The specific modifications to the Debtor's Plan are as follows:

   ☐ **§ 2.2** of the Plan regarding regular plan payments[2] is **MODIFIED** in the following respects:

   Beginning on the 30th day after the Petition Date[3] unless the Court orders otherwise, the Debtor will make regular payments to the Trustee in variable amounts throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "Plan Term").  The payment schedule shall consist of:

   ☐ **Constant Payments:**   The Debtor will pay $_____ per month for _____ months.

   ☐ **Variable Payments:**    The Debtor will pay make variable plan payments throughout the Plan Term.  The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

   If plan payment amounts are increasing, the Debtor certifies that, with regard to **§ 2.3** of the Plan,
   - ☐ a Motion for an Amended Wage Withholding Order for the increased payment amount has been filed;
   - ☐ an increase of the amount to be transferred to the Trustee by electronic means has been authorized.

☑ **None.** No additional Cure Claims designated for treatment under **§ 3.2** of the Plan.[4]
☐ **No Remaining Claims.** All claims previously listed as a Cure Claim in **§ 3.2** of the Plan have been reclassified.
☐ **Revised/Additional Cure Claims. § 3.2** of the Plan regarding Cure Claims is **MODIFIED** in the following respects; provided, however, that to the extent that any Cure Claim added hereto is composed of a post-petition mortgage arrearage, the payment of any such arrearage shall be deferred until such time as the Claimant files an amended proof of claim to quantify the amount of the post-petition arrearage and, in any event, unless the Court specifically orders otherwise, such payment shall be subordinated to the existing payment rights of junior classes under the Debtor's previously-confirmed Chapter 13 Plan:

| **Claimant** | **Collateral/Property Description** | **Debtor's DPO Amount** | **Cure Claim Amount** | **Plan Interest Rate** | **Projected Monthly Payment by Trustee** | **Projected Total Cure Payment by Trustee** |
|---|---|---|---|---|---|---|
| | | | | | | |

---

[2] Any reference to § 2.2 of the Plan herein includes any payments designated and confirmed under ¶ 2 of the 2006 version of TXEB Local Form 3015-a.
[3] The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.
[4] Any reference to § 3.2 of the Plan herein includes any payments designated and confirmed under ¶ 6(B) or ¶ 8 of the 2006 version of TXEB Local Form 3015-a.

Debtor **Kimberly D McRoberts** Case number **19-40065**

☑ **None.** No additional 910 Claims designated for treatment under **§ 3.3** of the Plan.[5]
☐ **No Remaining Claims.** All claims previously listed as a Cure Claim in **§ 3.2** of the Plan have been reclassified.
☐ **Revised/Additional 910 Claims. § 3.3** of the Plan regarding 910 Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|
| | | | | | |

☑ **None**. No additional 506 Claims designated for treatment under **§ 3.4** of the Plan.[6]
☐ **No Remaining Claims.** All claims previously listed as a 506 Claim in **§ 3.4** of the Plan have been reclassified.
☐ **Revised/Additional 506 Claims. § 3.4** of the Plan regarding 506 Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | 506 Claim Amount | Collateral Value | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|
| | | | | | | |

☑ **None**. No additional Direct Claims designated for treatment under § 3.5 of the Plan.[7]
☐ **§ 3.5** of the Plan regarding Direct Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | Total Claim Amount on Petition Date | Collateral Value on Petition Date | Contract Interest Rate | Monthly Payment per Contract | Party to Make Payment | Date of Final Monthly Payment |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

☑ **None**. No additional designations for surrender of collateral under § 3.6 of the Plan.[8]
☐ **Additional Surrender of Collateral. § 3.6** of the Plan regarding the surrender of property is **MODIFIED**. The Debtor surrenders to each additional claimant listed below the property that secures that creditor's claim and requests that, upon the granting of this Modification Motion, the automatic stay under § 362(a) be terminated as to the referenced collateral only and any co-debtor stay under § 1301 be terminated in all respects. Pending the consideration of this Modification Motion, the Trustee shall immediately cease any plan distribution to the additional claimant on account of the allowed secured claim for which the surrendered collateral stands as security. The affected claimant shall have **ninety (90) days after the entry of the order granting this Modification Motion** to file an amended proof of claim regarding recovery of any deficiency balance from the Estate resulting from the disposition of the collateral. Any such allowed general unsecured claim will thereafter be treated under § 5.2 of the confirmed plan.

| Claimant | Collateral Description | Collateral Location |
|---|---|---|
| | | |

☑ **None**. No additional designations for DSO Claims under **§ 4.4** of the Plan.[9]
☐ **No Remaining Claims.** All claims previously listed as a DSO Claim in **§ 4.4** of the Plan have been reclassified.
☐ **Revised/Additional DSO Claims. § 4.4** of the Plan regarding DSO Claims is **MODIFIED** in the following respects:

| DSO Claimant | Projected DSO Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| | | |

---

[5] Any reference to § 3.3 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(a) of the 2006 version of TXEB Local Form 3015-a.

[6] Any reference to § 3.4 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(b) of the 2006 version of TXEB Local Form 3015-a

[7] Any reference to § 3.5 of the Plan herein includes any payments designated and confirmed under ¶ 12(B) of the 2006 version of TXEB Local Form 3015-a

[8] Any reference to § 3.6 of the Plan herein includes any designations for surrender of collateral under ¶ 6(C) of the 2006 version of TXEB Local Form 3015-a.

[9] Any reference to § 4.4 of the Plan herein includes any payments designated and confirmed under ¶ 5(A) of the 2006 version of TXEB Local Form 3015-a.

Debtor   **Kimberly D McRoberts**　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case number   **19-40065**

☑ **None**. No additional Tax/Other Priority Claims designated for treatment under **§ 4.6** of the Plan.[10]
☐ **No Remaining Claims**. All claims previously listed as a Tax/Other Priority Claim in **§ 4.6** of the Plan have been reclassified.
☐ **Revised/Additional Tax/Priority Claims.**  4.6 of the Plan regarding Tax/Other Priority Claims is **MODIFIED** in the following respects:

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| | | |

☐ **Part 8** of the Plan is **MODIFIED** with the inclusion of the following Special Provision:

> Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below.  A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it.  *Any nonstandard provision set out elsewhere in this Modification Motion is void.  Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in ¶3 of this Modification Motion.***

5. **Request for Additional Attorney's Fees (Expiration of Benchmark Fee Period Only):**

In light of the fact that the Benchmark Fee Period under LBR 2016(h) expired prior to the filing of this motion, the Debtor's attorney,  **Collins & Arnove**   requests an additional award of $ **650.00**   to be paid pursuant to § 4.3 of the confirmed Plan for legal services rendered and for reimbursement of expenses incurred with regard to the preparation and filing of this Modification Motion and other documents pertaining thereto. This award would be in addition to any other fees previously awarded or paid in this case and shall be paid in a manner consistent with § 9.2 of the confirmed Plan.

　　　WHEREFORE, the Movant, as identified in ¶1 herein, respectfully prays that the foregoing Modification Motion be granted, that the Debtor's Plan be modified in the manner set forth herein, that any request for additional attorney's fees as set forth in ¶5 be granted, and that such other and further relief be granted in this regard as may be appropriate under the circumstances.

　　　　　　　　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Greg R. Arnove
　　　　　　　　　　　　　　　　　　　　　　　　　　　Greg R. Arnove
　　　　　　　　　　　　　　　　　　　　　　　　　　　SBOT # 00783562
　　　　　　　　　　　　　　　　　　　　　　　　　　　Collins & Arnove
　　　　　　　　　　　　　　　　　　　　　　　　　　　555 Republic Drive, Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　　　　Plano, TX 75074
　　　　　　　　　　　　　　　　　　　　　　　　　　　972-516-4255
　　　　　　　　　　　　　　　　　　　　　　　　　　　972-516-4256 (fax)

　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor

---

[10] Any reference to § 4.6 of the Plan herein includes any payments designated and confirmed under ¶ 5(B) of the 2006 version of TXEB Local Form 3015-a

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE:  KIMBERLY D MCROBERTS | CASE NO: 19-40065<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 5/2/2019, I did cause a copy of the following documents, described below,

MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN

Amended Schedule C

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 5/2/2019

/s/ Greg R Arnove
Greg R Arnove  00783562
Collins & Arnove
555 Republic Drive, Suite 200
Plano, TX  75074
972 516 4255

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS

IN RE: KIMBERLY D MCROBERTS

CASE NO: 19-40065

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 5/2/2019, a copy of the following documents, described below,

MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN

Amended Schedule C

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 5/2/2019

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Greg R Arnove
Collins & Arnove
555 Republic Drive, Suite 200
Plano, TX  75074

```
PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF NOTICE OF ELECTRONIC RECEIPT" WERE SENT ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM
```

| | | |
|---|---|---|
| CASE INFO<br> LABEL MATRIX FOR LOCAL NOTICING<br>05404<br>CASE 19-40065<br>EASTERN DISTRICT OF TEXAS<br>SHERMAN<br>THU MAY 2 13-50-28 CDT 2019 | ATT<br>PO BOX 5014<br>CAROL STREAM IL 60197-5014 | ~~EXCLUDE~~<br>~~GREG R ARNOVE~~<br>~~555 REPUBLIC DRIVE~~<br>~~SUITE 200~~<br>~~PLANO TX 75074-5469~~ |
| CAPITAL ONE<br>PO BOX 30281<br>SALT LAKE CITY UT 84130-0281 | CAPITAL ONE BANK USA NA<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | CHASE AUTO FINANCE<br>ATTN BANKRUPTCY<br>PO BOX 901076<br>FORT WORTH TX 76101-2076 |
| CITIBANK<br>CITIBANK CORPCENTRALIZED BANKRUPTCY<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 | COSERV ELECTRIC<br>7701 S STEMMONS<br>CORINTH TX 76210 | COSERV GAS<br>7701 S STEMMONS<br>CORINTH TX 76210 |
| ~~EXCLUDE~~<br>~~WILLIAM J COLLINS~~<br>~~COLLINS  ARNOVE~~<br>~~555 REPUBLIC DR SUITE 200~~<br>~~PLANO TX 75074-5469~~ | ~~EXCLUDE~~<br>~~COLLINS  ARNOVE~~<br>~~555 REPUBLIC DR~~<br>~~SUITE 200~~<br>~~PLANO TX 75074-5469~~ | COMENITY BANK<br>ATTN BANKRUPTCY DEPT<br>PO BOX 182125<br>COLUMBUS OH 43218-2125 |
| CONN APPLIANCES INC<br>CO BECKET AND LEE LLP<br>PO BOX 3002<br>MALVERN PA 19355-0702 | CONNS HOMEPLUS<br>ATTN BANKRUPTCY<br>PO BOX 2358<br>BEAUMONT TX 77704-2358 | CONSUMER COLLECTION MANAGEMENT INC<br>ATTN BANKRUPTCY<br>PO BOX 1839<br>MARYLAND HEIGHTS MO 63043-6839 |
| CREDIT ONE BANK<br>ATTN BANKRUPTCY<br>PO BOX 98873<br>LAS VEGAS NV 89193-8873 | DEPT OF ED  582  NELNET<br>ATTN CLAIMS<br>PO BOX 82505<br>LINCOLN NE 68501-2505 | DISCOVER BANK<br>DISCOVER PRODUCTS INC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| DISCOVER FINANCIAL<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | ERCENHANCED RECOVERY CORP<br>ATTN BANKRUPTCY<br>8014 BAYBERRY ROAD<br>JACKSONVILLE FL 32256-7412 | CAREY D EBERT<br>P O BOX 941166<br>PLANO TX 75094-1166 |
| INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | JPMORGAN CHASE BANK NA<br>PO BOX 29505 AZ11191<br>PHOENIX AZ 85038-9505 | JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 1999<br>SAINT CLOUD MN 56302 | LVNV FUNDING LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | DEBTOR<br>KIMBERLY D MCROBERTS<br>2772 CLUB RIDGE DRIVE<br>LEWISVILLE TX 75067-8365 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF ELECTRONIC RECEIPIENT" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 | PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | QUANTUM3 GROUP LLC AS AGENT FOR<br>COMENITY CAPITAL BANK<br>PO BOX 788<br>KIRKLAND WA 98083-0788 |
| SYNCHRONY<br>ATTN BANKRUPTCY<br>PO BOX 965064<br>ORLANDO FL 32896-5064 | SYNCHRONY BANK<br>ATTN BANKRUPTCY DEPT<br>PO BOX 965060<br>ORLANDO FL 32896-5060 | US ATTORNEY GENERAL<br>DEPARTMENT OF JUSTICE<br>MAIN JUSTICE BUILDING<br>10TH  CONSTITUTION AVE NW<br>WASHINGTON DC 20530-0001 |
| US DEPARTMENT OF EDUCATION<br>CO NELNET<br>121 SOUTH 13TH STREET SUITE 201<br>LINCOLN NE 68508-1911 | US TRUSTEE<br>OFFICE OF THE US TRUSTEE<br>110 N COLLEGE AVE<br>SUITE 300<br>TYLER TX 75702-7231 | VERIZON WIRELESS<br>ATTN VERIZON WIRELESS BANKRUPTCY<br>ADMINI<br>500 TECHNOLOGY DR STE 550<br>WELDON SPRING MO 63304-2225 |